Criminal law ⟨⟩1090(14)—Statement of facts and exceptions essential to review of refused instructions.

The failure of the trial court to give special charges requested by accused cannot be reviewed, in the absence of exceptions and statement of facts.

Appeal from Criminal District Court, Tarrant County; Geo. E. Hosey, Judge.

May Bell Thompson was convicted of manslaughter, and she appeals. Affirmed.

C. M. Cureton, Atty. Gen., and C. L. Stone, Asst. Atty. Gen., for the State.

HAWKINS, J. Upon an indictment for murder the appellant was convicted of manslaughter, with a punishment of two years in the penitentiary.

No statement of facts accompanies the record. No objections were made to the court's charge, and no exceptions were reserved to failure to give special charges which were refused, and in the absence of exceptions and statement of facts this court is in no position to review the matter of such failure. The record does not even contain a motion for new trial, but states:

"Defendant's motion for new trial has been misplaced by the attorneys and cannot be located."

No errors appearing on the face of the record, the judgment is affirmed.

---

### SESSUMS v. STATE. (No. 6105.)

(Court of Criminal Appeals of Texas. Feb. 23, 1921.)

Criminal law ⟨⟩1090(8)—In absence of statement, evidence presumed to support verdict.

Where there is no statement of facts or bills of exceptions in the record, the evidence will be presumed to have been sufficient to authorize the verdict of conviction.

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

Dave Sessums was convicted of burglary, and he appeals. Affirmed.

C. M. Cureton, Atty. Gen., and E. F. Smith, Asst. Atty. Gen., for the State.

HAWKINS, J. The appellant was indicted in Harris county, Tex., for the offense of burglary, and upon conviction his punishment was assessed at confinement in the penitentiary for a term of two years.

The record is before us with no statement of facts or bills of exception. No fundamental error or irregularity is disclosed in any of the proceedings upon the trial, and the evidence will be presumed to have been sufficient to authorize the verdict.

The judgment is affirmed.